**MONTMARTRE, Inc., et al v. McNAYR, et al.**
Nos. 61-C-8599, 61-C-8790, 61-C-8864,
61-C-10918 and 61-C-11188.

Circuit Court, Dade County.
February 15, 1962.

Marion Sibley and Irving B. Levenson of Sibley, Grusmark, Giblin, King & Levenson, Miami Beach, for plaintiffs.

Darrey A. Davis, County Attorney, for defendants.

GEORGE E. SCHULZ, Circuit Judge.

*Final decree:* The above-entitled causes were consolidated for the purpose of trial and the same came on for final hearing and trial before the court, at which time the parties adduced before the court their testimony and evidence, and the same have been carefully considered by the court.

The plaintiffs seek the cancellation of their tax assessments for the year 1961, and decrees declaring the entire assessments against their properties void and illegal.

The record in these causes does not support a finding by this court that the entire assessments of the several plaintiffs' properties are wholly void and illegal.

The constitution of the state of Florida requires that there shall be a uniform and equal rate of taxation. Obviously, to accomplish this the tax assessor must value property subject to the payment of ad valorem taxes by a standard which operates with uniformity and equality on all classes of such property. The

legislature has prescribed this standard by placing the positive duty upon the tax assessor in making the tax rolls to value all property, both real and personal, liable for the payment of ad valorem taxes, at its full cash value.

Full cash value is a standard difficult of exact attainment. A fair approximation satisfies the law. At least three guides are available to the tax assessor in arriving at the value of property for tax purposes, namely — first, the price at which similar property customarily sells; second, the economic utility of the property; third, the replacement cost. None of these guides is absolute or infallible. In some instances only one is available to the assessor and in many instances, all must be considered in order for him to reach a fair judgment.

Great weight is to be given by the courts to the judgment of the tax assessor fixing valuations. His judgment, nevertheless, is subject to review by the courts. If it is made to appear that through gross negligence or design a class of property is grossly undervalued, while in comparison other classes of property subject to the same tax are grossly overvalued on the tax roll of the tax assessor, then the courts are entitled to impeach the entire roll, for no segment of the taxpaying public owning a particular class of property can be lawfully forced through such conduct to pay more than its just proportion of the tax burden.

As has been pointed out by the Supreme Court of Florida in State, ex rel. Glynn v. McNayr, 133 So.2d 312, the 1961 tax roll is unsatisfactory. The record in this case amply justifies this conclusion. The court so finds.

This, however, is not a condemnation of the 1961 tax roll as a whole. This finding is to be applied only to the properties here involved and no others. The court concludes that there has been an unlawful discrimination on the 1961 tax roll insofar as the plaintiffs' properties are concerned, and this to varying degrees as will be hereinafter set forth.

Even though there is unlawful discrimination against the plaintiffs through the actionable overvaluation of their respective properties, it is the court's opinion that the several plaintiffs are not entitled to a reduction in the assessed valuation of their respective properties below the ratio that the sum total valuation of taxable property in Dade County on the 1961 tax roll bears to the sum total of its full cash value. A reduction below that point would in essence constitute a discrimination in favor of the plaintiffs against the entire body of taxpayers of Dade County. For this reason, the court cannot declare the total assessment to be void or the 1961 tax roll to be invalid.

It has been made to appear to the complete satisfaction of the court that the sum total valuation of all property subject to ad valorem taxes appearing on the 1961 tax roll is 47.27% of the sum total of its full cash value and the court so finds.

The plaintiffs contend that among the classes of property unconscionably favored by the county tax assessor in his 1961 tax roll are homesteads. It is claimed that this class of property is given preferential tax treatment because the assessment of homestead property at anything less than full cash value because of the constitutional exemption up to $5,000, results in an inequity which inures to the benefit of homestead owners.

No violent change in the valuation of homesteads is required in order to render the tax roll uniform and equal. The value of homesteads subject to tax is that segment of full cash value above $5,000, and if this segment of tax value is cut in the same ratio as other property in Dade County to 47.27%, this would fully equalize the tax roll in this respect and would overcome the present danger of a successful assault against the entire roll. However, other classes of property which have received preferential tax treatment by the tax assessor must also be adjusted accordingly.

The court finds that the tax roll for 1961 unlawfully discriminates against the properties of the several plaintiffs and that they are required under the valuations fixed on the roll to pay an unjust proportion of the tax burden. Therefore, the court finds that the equities of this cause are with the plaintiffs.

It is thereupon ordered, adjudged and decreed as follows —

(a)   The defendants, and each of them, be and they are hereby enjoined and restrained from assessing or collecting ad valorem taxes against the property of the plaintiff, Montmartre, Inc., described in the complaint, upon a valuation in excess of $1,347,200.

(b)   The defendants, and each of them, be and they are hereby enjoined and restrained from assessing or collecting ad valorem taxes against the property of the plaintiff, Charnofree Corp., described in the complaint, upon a valuation in excess of $7,722,500.

(c)   The defendants, and each of them, be and they are hereby enjoined and restrained from assessing or collecting ad valorem taxes against the property of the plaintiff, Allison Operating Co., Inc., described in the complaint, upon a valuation in excess of $655,870.

(d)   The defendants, and each of them, be and they are hereby enjoined and restrained from assessing or collecting ad valorem

taxes against the property of the plaintiff, Paskow and Gordon Corp., described in the complaint, upon a valuation in excess of $546,680.

(e)   The defendants, and each of them, be and they are hereby enjoined and restrained from assessing or collecting ad valorem taxes against the property of the plaintiff, Carol Florida Corp., described in the complaint, upon a valuation in excess of $3,375,-550.

(f)   The costs of this cause are assessed against the defendants, and the court retains jurisdiction of this cause for the purpose of fixing and determining the amount thereof.